# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**LESLIE MCCOLLAM,**
**Claimant Below, Petitioner**

**FILED**

January 25, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0813**  (BOR Appeal No. 2051728)
                          (Claim No.  2015014797)

**NELLAS, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Leslie McCollam by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Nellas, Inc., by Christopher Pierson, its attorney, filed a timely response.

The issue on appeal is the proper period of temporary total disability benefits. On September 23, 2016, the claims administrator closed the claim for temporary total disability benefits. The Office of Judges affirmed the claims administrator in its December 12, 2016, Order. The Order was affirmed by the Board of Review on August 17, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. McCollam worked as a licensed practical nurse for Nellas, Inc. On September 4, 2014, she lifted a patient and developed pain in her low back that radiated to her right buttock. She sought treatment at Elkins Express Care on September 8, 2014, where she was diagnosed with a lumbar spine sprain/strain. The claim was originally denied by the claims administrator; however, on February 13, 2015, the Office of Judges found the claim compensable for a lumbar sprain/strain.[1] Ms. McCollam was paid temporary total disability benefits for the period from March 20, 2015, through April 28, 2016.

---

[1] The February 13, 2015, Order is not on appeal before this Court.

On April 1, 2016, Russell Biundo, M.D., treated Ms. McCollam for chronic low back pain. He noted the persistent pain in her lumbosacral spine was due to the combination of lumbar spondylosis, lumbar strain, and low back pain. He recommended a follow-up MRI.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on April 28, 2016. He noted Ms. McCollam started to experience pain in her low back and into her right buttock after lifting a patient. The pain had started radiating down the right lower extremity and into the left lower extremity over time. On examination, Dr. Mukkamala noted the lumbar range of motion varied with repeated attempts and that Ms. McCollam did not meet validity criteria for lumbar spine range of motion measurements. Dr. Mukkamala diagnosed a lumbar sprain due to the work injury. He also diagnosed degenerative spondyloarthropathy, which was a condition that occurred naturally and was not a part of the compensable claim. Dr. Mukkamala opined that Ms. McCollam had reached maximum medical improvement and did not need any additional medical treatment for the effects of the work injury.

Dr. Biundo completed an Attending Physician Benefits Form on July 29, 2016, stating that Ms. McCollam was unable to work and had been unable to work since September 4, 2014. In a letter dated July 7, 2016, counsel for Ms. McCollam requested that she be paid temporary total disability benefits from February 21, 2016, through July 29, 2016, and that the benefits continue until the statutory maximum of 104 weeks had been reached. On September 23, 2016, the claims administrator noted that Ms. McCollam had received temporary total disability benefits for the period from January 21, 2016, through April 28, 2016, and that the claim was being closed for temporary total disability benefits based on Dr. Mukkamala's opinion that Ms. McCollam had reached maximum medical improvement as of April 28, 2016.

A September 23, 2016, lumbar MRI revealed multilevel lumbar spine degenerative changes, possibly slightly progressed from the September 14, 2014, MRI without significant central canal stenosis or neuroforaminal narrowing. In a November 9, 2016, addendum to his report Dr. Mukkamala noted that Dr. Biundo documented that Ms. McCollam had lumbar spondylosis and articular facet pain. Dr. Biundo found decreased lumbar range of motion and symptom magnification. There was no neurological deficit. Dr. Biundo recommended a pain clinic for medial branch blocks and lumbar epidural steroid injections. In Dr. Mukkamala's opinion, there was no indication for lumbar epidural steroid injections as Ms. McCollam did not have any objective evidence of radiculopathy. The medial branch blocks would be to address the degenerative facet joint arthrosis, which was not related to the work injury.

On December 12, 2016, the Office of Judges affirmed the claims administrator's decision. It found Dr. Mukkamala's opinion regarding maximum medical improvement to be the most persuasive. As Dr. Mukkamala opined Ms. McCollam had reached maximum medical improvement on April 28, 2016, the claims administrator properly closed the claim for temporary total disability benefits. The ongoing symptoms were not due to the injury. The degenerative conditions that pre-existed the injury continued to progress over time.

2

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the Office of Judges' Order on August 17, 2017. After review, we agree with the Board of Review. Ms. McCollam's compensable condition was a lumbar sprain/strain. She reached maximum medical improvement from the lumbar sprain/strain on April 28, 2016. The continued problems were not due to the work injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 25, 2018**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING**:
Justice Menis E. Ketchum